In re PORTER McLEOD, INC., Debtor.

Harvey Sender, Trustee (as Trustee for Porter McLeod, Inc.); PM Denver, Inc., PMNC, Inc., PMSC, Inc. and PMN, Inc., Plaintiffs,

v.

Bruce M. Porter, et al., Defendants.

Civ.A. No. 97–B–1133.
Bankruptcy Nos. 96–224792 DEC, 96–24795 DEC, 96–24696 SBB, 96–25797 SBB.
Adversary No. 96–1202 DEC.

United States District Court,
D. Colorado.

Sept. 15, 2000.

Paul G. Quinn, Jon S. Nicholls, Denver, CO, for plaintiffs.

Thomas B. Quinn, Marc R. Brosseau, Dennis J. Bartlett, Christopher J. Hussin, Denver, CO, for defendants.

## ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on the plaintiffs' **Motion to Endorse Expert Witness Out of Time** (the "Motion"), filed July 21, 2000. The Motion is GRANTED.

The Scheduling Order, as revised, required the plaintiffs to designate experts by February 5, 1998. The plaintiffs complied and designated Robert Horen as their standard of care expert. A pretrial order was entered on November 10, 1999, in which the plaintiffs again identified Mr. Horen as their standard of care expert. No motions were pending at the time the pretrial order was entered, and the defendants did not then disclose their intention to seek to exclude Mr. Horen's testimony.

On April 3, 2000, the defendants moved to exclude Mr. Horen's testimony, arguing that he does not possess the required expertise and qualifications to express the opinions he had disclosed in his report and that his opinions would not assist the trier of fact. Chief Judge Lewis T. Babcock granted the motion and on June 20, 2000, entered an order excluding Mr. Horen's testimony.

On July 21, 2000, the plaintiffs filed the Motion now at issue, seeking leave to list D. Bruce Coles as an expert in the place of Mr. Horen. The defendants resist the late endorsement of Mr. Coles, arguing that the plaintiffs have failed to establish the existence of "good cause" justifying an amendment of the scheduling order. In support of their argument, the defendants cite my order in *Buttler v. Benson*, 193 F.R.D. 664 (D.Colo. 2000).

■ First, the defendants invoke the wrong standard. At the time the Motion was filed, there was a pretrial order in place. Consistent with Fed.R.Civ.P. 16(e), the pretrial order provided that it could be modified only by court order "to *prevent manifest injustice.*" (Original emphasis.) *Buttler*, dealing with an amendment of a scheduling order and applying a "good cause" standard, is inapplicable. In any event, *Buttler* is distinguishable because in that case a party sought to add an expert in an entirely new area of expertise; in this case, by contrast, the plaintiffs seek to substitute one expert, in a previously disclosed area of expertise, for a different witness which the court excluded based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The defendants have known for years that the plaintiffs intend to offer a standard of care expert.

■ The Tenth Circuit Court of Appeals has adopted a four factor analysis to be applied in determining whether to allow an amendment of a pretrial order:

"(1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's [pretrial] order."

*Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir.1980) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir.1977)), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). *See also Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir.2000) (citing *Smith* with approval and applying the four factor analysis adopted in *Smith*).

Applying these factors to this case leads me to conclude that a denial of the Motion would lead to manifest injustice. Specifically, the defendants cannot claim that they are surprised by the plaintiffs' plan to offer a standard of care expert. Such an expert was designated in February 1998, and the defendants have had rebuttal experts since at least November 15, 1999, the date of the initial pretrial order.

In addition, there is adequate time to cure any prejudice to the defendants resulting from the late designation of Mr. Coles. In this regard, I order that the plaintiffs provide to the defendants Mr. Coles' written, signed report, including all of the information specified in Fed.R.Civ.P. 26(a)(2), on or before September 29, 2000. The plaintiffs shall make Mr. Coles available for a deposition on a date mutually agreed to with the defendants, on or before October 20, 2000. Thereafter, the defendants may supplement the opinions of their standard of care experts on or before November 19, 2000.

Nor will allowing the late designation of Mr. Coles unreasonably disrupt the orderly and efficient trial of this case. There are approximately four months before the trial— ample time for the defendants fully to investigate Mr. Coles' opinions and to supplement the opinions of their own experts.

Finally, I do not believe there is any bad faith on the plaintiffs' part. The only reason the plaintiffs seek to add Mr. Coles as an expert witness is as a substitute for their previously identified expert, whose testimony has been excluded by Chief Judge Babcock's order on defendants' motion.[1]

■ By contrast, expert standard of care testimony will form a crucial, if not essential, part of the plaintiffs' case of professional malpractice against the lawyer defendants. The amendment of a pretrial order should be allowed where, as here, the danger of surprise is small and a failure to amend might result in an injustice to the moving party. See Bridge Publications, Inc. v. F.A.C.T.Net, Inc., 183 F.R.D. 254, 258–59 (D.Colo.1998).

The defendants have cited Weisgram v. Marley Co., 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000), as supporting their contention that a late designation should not be allowed. The Supreme Court in Weisgram was confronted with an entirely different issue, not involving the amendment of a pretrial order. The defendants nonetheless argue that the following language in that case supports denial of the Motion:

It is implausible to suggest, post-Daubert, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail. We therefore find unconvincing Weisgram's fears that allowing courts of appeals to direct the entry of judgment for defendants will punish plaintiffs who could have shored up their cases by other means had they known their expert testimony would be found inadmissible. In this case, for example, although Weisgram was on notice every step of the way that Marley was challenging his experts, he made no attempt to add or substitute other evidence.

Id., 528 U.S. at ——, 120 S.Ct. at 1021 (citations omitted).

The Supreme Court's language in Weisgram does not supplant the four part analysis applicable in this circuit for determining whether to allow the amendment of a pretrial order. In addition, there is no indication here that the defendants made known their intention to seek to exclude Mr. Horen's testimony until after the pretrial order was entered. The plaintiffs therefore did not have the same warning and opportunity to bolster their evidence early in the case as existed in Weisgram.

In summary,

IT IS ORDERED that plaintiffs' Motion to Endorse Expert Witness Out of Time is GRANTED.

IT IS FURTHER ORDERED that the following schedule shall apply with respect to matters necessitated by the late endorsement of Mr. Coles:

Plaintiffs shall serve on defendants Mr. Coles' written, signed report and all of the information specified in Fed.R.Civ.P. 26(a)(2) on or before **September 29, 2000;**

Mr. Coles shall appear for a deposition by the defendants, if they choose to depose him, on a date mutually agreed to by the parties but not later than **October 20, 2000;**

---

1. If there is any criticism to be made, and I do not believe that there is, it might be that the defendants waited until April 3, 2000, to file their motion to exclude Mr. Horen's testimony—more

than two years after the plaintiffs made their Rule 26(a)(2) disclosures of Mr. Horen's opinions and qualifications.